**Edith R. REYNOLDS, Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 91, Docket 29004.**

United States Court of Appeals
Second Circuit.

Argued Oct. 20, 1964.

Decided Nov. 5, 1964.

Frederick M. Schlater, of Duer & Taylor, New York City (Arthur E. Mc-Inerney, New York City, on the brief), for plaintiff-appellant.

Bruno Lederer, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Laurence Vogel, Asst. U. S. Atty., on the brief), for defendant-appellee.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM:

Mrs. Reynolds sued the United States to recover $58,990.05, plus interest, paid by her in Federal income taxes for the fiscal years 1953 and 1954. A jury by special verdict found that she was entitled to a partial refund of $16,764.16. Mrs. Reynolds appeals from the judgment entered upon that special verdict insofar as it failed to award her the full recovery she sought.

At the trial the principal problem was to determine the fair market value of a one-third interest in the common stock of Southwestern Publishing Co. and Southwestern Co. on July 1, 1947, see I.R.C. of 1939, § 113(a), which Mrs. Reynolds had received on that date by the terms of a property settlement incident to a divorce. In order to determine the amount of gain realized by the taxpayer from the sale of the property during 1953 and 1954 when she received installments of

1

the selling price, it was necessary to determine the adjusted basis, as defined in Section 113(b) of the I.R.C. of 1939, of taxpayer's stock in the two corporations.

■■ The jury's special verdict fixing the value of the two blocks of stock at $300,000 was supported by the evidence. Mrs. Reynolds argues, however, that the trial judge committed reversible error in excluding evidence of the 1953 sale by her of the same stock to the corporations for $900,000 as a proper basis for evaluation of the fair market value in 1947. But we recognize that because this case was tried before a jury, the trial judge had wide discretion in admitting or excluding evidence on the valuation question and we cannot say that he abused his discretion. He quite properly may have deemed the 1953 sale too remote in time to furnish evidence of the value of the stock in 1947, see 10 Mertens, Law of Federal Income Taxation, § 59.16 (Zimet ed. 1958); or, the trial judge might have recognized that if the evidence was admitted, the Government would have been permitted to produce detailed evidence on changed conditions between 1947 and 1953. In that event it would have been difficult for the judge to charge laymen intelligently on the limited consideration that should be given to the evidence of changed conditions or for the jury to understand the limited purpose for which such evidence was admitted in a case already quite complex for trial by jury. Mrs. Reynolds' other claims of reversible error on the valuation question must fail because here too the trial judge acted well within his discretion in seeking to keep the jury's understanding of this complicated tax case within intelligible boundaries.

Mrs. Reynolds also contests the jury's findings with respect to the deductibility of legal and accounting expenses incurred in three different matters in 1953 and 1954. We have carefully considered her claims on these questions and find them lacking in merit.

We therefore affirm the judgment in all respects.